IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,915-03






EX PARTE KENNETH TERRELL WATKINS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 241-1113-08 IN THE 241ST DISTRICT COURT


FROM SMITH COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to five years' imprisonment. He did not appeal his conviction.

 Applicant contends that his plea was rendered involuntary because counsel failed to
investigate his case and wanted to end his representation. Applicant also contends that he could not
spell or write when he pleaded guilty.

 The trial court made findings of fact and concluded that this is a subsequent application under
Article 11.07, § 4 of the Code of Criminal Procedure and that Applicant had not met his pleading
burden. We do not agree. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's ineffective assistance of counsel claim. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether trial counsel
rendered Applicant's guilty plea involuntary. The trial court shall also make findings of fact and
conclusions of law as to whether Applicant's inability to write and spell rendered his guilty plea
involuntary. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. The plea papers, including the
reporter's record, if any, of Applicant's December 2010 guilty plea shall also be returned to this
Court within 120 days of the date of this order. Any extensions of time shall be obtained from this
Court. 



Filed: June 15, 2011

Do not publish